UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DART MECHANICAL CORPORATION,

                  Plaintiff,

-against-

XL SPECIALTY INSURANCE,

                  Defendant.
-----------------------------------------------------------------x
-----------------------------------------------------------------x
FRANCO BELLI PLUMBING AND HEATING &
SONS, INC.,

                  Plaintiff,

-against-

XL SPECIALTY INSURANCE,

                  Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

06-CV-2457 (ENV)(MDG)

06-CV-1933 (ENV)(MDG)

**VITALIANO, D.J.**

Defendant XL Specialty Insurance ("XL") moves this Court pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 6.3, to reconsider its order dated January 21, 2011, denying in part and granting in part XL's motion for partial summary judgment. Having provided nothing that could be reasonably expected to cause this Court to alter its prior ruling, XL's motion is denied.

### I. STANDARD OF REVIEW

The Second Circuit has clearly stated that "[r]elief under Rule 60(b) . . . may be granted only in 'extraordinary circumstances.'" United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994) (citing Ackermann v. United States, 340 U.S. 193, 199-202 (1950); Nemaizer v. Baker,

1

793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(b) "is not to be used as a substitute for appeal." House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982) (citing Eutectic Corp. v. Metco, Inc., 597 F.2d 32, 34 (2d Cir. 1979)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. at 257.

Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." L.R. 6.3. Reconsideration is only available "so a court may correct for clear error, prevent manifest injustice, or review in light of newly available law or evidence." Kittay v. Korff (In re Palermo), No. 08-CV-7421, 2011 U.S. Dist. LEXIS 11681, at *13 (S.D.N.Y. Feb 7, 2011) (citing Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003)).

## II. DISCUSSION

XL advances two primary arguments in its motion for reconsideration, both of which are without merit. XL's first argument attacks the Court's finding that the subcontractors' written rejection of backcharge change orders as well as their submission of payment requests for additional work performed, satisfies the contractual dispute resolution procedure. According to XL, this finding overlooks a "specific four-step procedure" mandated by the general contract. Specifically, XL contends that "the clear language of the Agreement did not permit [the subcontractors] to sit idly by only to commence a lawsuit at its leisure. Instead, [the subcontractors were] required within ten days of learning of the dispute, to submit a Dispute

2

Notice to the Chief Engineer or CDRB, then within ten days thereafter to submit evidence of its claim to the Arbiter, proceed to mediation if demanded, and then obtain a final determination on the claim from the Arbiter." (Memorandum of Law in Support of Motion by XL Specialty Insurance Company, Inc. for Reconsideration of this Court's January 21, 2011 Memorandum and Order (Mot. for Rec.), at 8-9.) Far from being new evidence, this is simply an attempt by XL to raise the same argument it originally made in its motion for partial summary judgment, albeit in more detail.

Greater detail aside, the Court sees no inconsistency between the language in Article 8.03 and its prior decision. In fact, XL's argument is at odds with the clear and unequivocal language of both the subcontracts and the general contract. The relevant subcontract language is as follows:

> The Subcontractor agrees to submit all disputes or claims arising under, or related to the Subcontract to the Contractor for presentation to, and determination by, the Chief Engineer or the Contractual Disputes Review Board (CDRB). Subcontractor further agrees that submission of any claims or disputes under said Dispute Resolution Procedure (Article 8.03 of [the General Contract]), shall constitute the sole remedy for such claims or disputes it may have or which may arise during the course of the contract work against the Contractor, Contracting Party of Transit Authority.

In turn, Article 8.03 of the General Contract provides in relevant part that:

> All disputes shall be initiated though a written submission by *either party* . . . to the Chief Engineer or the CDRB, as the case may be . . . within the time specified in the Contract or, if no time is specified, within ten (10) days of the determination which is the subject of the Dispute.
>
> . . .
>
> Within ten (10) days after the submission of the [dispute], the party initiating the dispute must provide the arbiter with all evidence and other pertinent information in support of the party's position and

3

claim.

(emphasis added).

Reading these two provisions together, it is glaringly obvious that XL's argument cannot hold its own. As the Court previously concluded, under the language of the subcontract, "Dart and Franco Belli, upon concluding that any claims existed against either XL or NYCTA, were only obligated to present them to the contractor, here, XL." (Memorandum and Order, dated January 21, 2011.) Critically, the subcontract "neither requires that the subcontractors submit the claims to NYCTA themselves, nor does it require that the subcontractors specifically request that the contractor pass the claims along to NYCTA." Id. While the subcontract does reference what XL refers to as the "four-step procedure" in Article 8.03, this provision merely sets out the details of the procedure to be followed after the claims are actually submitted to NYCTA as disputed. Far from *requiring* Dart and Franco Bello to submit a notice within ten days of learning of a dispute, Article 8.03 *permits* either party to submit such a notice. Similar to the language in the subcontract agreement, the provision XL highlights simply does not require the subcontractors to do anything more. After plaintiffs provided notice of their claims as required by the subcontract, XL chose not to follow the dispute resolution procedure outlined in its general contract with NYCTA, and then agreed to release NYCTA from any further obligation. This lawsuit is the residue of these decisions.

XL's second argument is that Article 4.04 of the General Contract created "preliminary obligations [on the part of Dart and Franco Belli] to submit a request for payment for extra work [they] performed." (Mot. for Rec., at 9.) Since this argument was not raised in XL's motion for summary judgment, and obviously could have been, it will not be considered on the instant motion for reconsideration. A motion for reconsideration "cannot assert new arguments or

4

claims which were not before the court on the original motion and consequently cannot be said to have been considered." Koehler v. Bank of Bermuda Ltd., No. 2005 U.S. Dist. LEXIS 8694, at *1 (S.D.N.Y. May 10, 2005). This is because "[r]econsideration is not an invitation for parties 'to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Kittay v. Korff (In re Palermo), 2011 U.S. Dist. LEXIS 11681, at *13 (S.D.N.Y. Feb 7, 2011) (quoting De Los Santos v. Fingerson, No. 97 Civ. 3972, 1998 U.S. Dist. LEXIS 17735, at *1 (S.D.N.Y. Nov. 12, 1998)).

### III. CONCLUSION

Having offered no new law or evidence which could properly be considered and could reasonably have altered the Court's prior decision, XL's motion for reconsideration is denied. The parties are again directed to contact United States Magistrate Judge Go on or before February 24, 2011 to arrange for a pretrial conference and the prompt submission of a final joint pretrial order.

**SO ORDERED.**

Dated: Brooklyn, New York
February 16, 2011

s/ENV

_____
ERIC N. VITALIANO
United States District Judge